UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------x

IRA EPSTEIN,

                           Plaintiffs,

           -against-

LOWE's
HOME CENTERS, LLC,                                    Civil Action No. 2:18-cv-04576-DRH-GRB

                           Defendants.
---------------------------------------------------------------------------------x

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff IRA EPSTEIN by and through his attorney, Alan H. Krystal, P.C., as and for his

Amended Complaint, respectfully and allege as follows:

### Introduction

1.       Plaintiff, IRA EPSTEIN, brings this action pursuant to  42 U.S.C. § 1981a, the

Age Discrimination in Employment Act, 29   2 USC §621, et seq., and to remedy acts of

employment discrimination and retaliation perpetrated against him by LOWE's HOME

CENTERS, LLC.. Plaintiff contends that Defendant discriminated against him by passing

over him for promotion   because of his age (over 40) and terminated his employment

without just cause.


### Jurisdiction

2.       This Court has jurisdiction over the subject matter of this civil action pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Age

Discrimination in Employment Act, 29 USC§ 621, et. seq.

1

Parties

3.      Plaintiff, Ira Epstein is an individual who is at least 40-years old, is a citizen of

the United States and a resident of the State of New York, County of Suffolk.  At all times

relevant to this suit, until his termination in   he was employed by LOWE's HOME

CENTERS, LLC at Store #2233 located at 2150 Nesconset Highway Stony Brook, NY on

April 15, 2010.

4.      Defendant LOWE's HOME CENTERS, LLC. is a foreign corporation authorized

to do business within the State of New York, County of Suffolk.

Procedural Prerequisites

5.       Plaintiff filed charges of discrimination upon which this Complaint is based with

the Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC dated April 2, 2018

with respect to the herein charges of discrimination. A copy of the Notice is annexed

hereto.

Material Facts

7.      Plaintiff began his employment with Defendants at Store #2233 located at 2150

Nesconset Highway Stony Brook, NY on April 15, 2010.

8.      During the course of his employment, Plaintiff generally received positive

feedback from Defendants for his performance and received several commendations for

exemplary customer service.

2

9.      On March 28, 2016, Plaintiff was summarily terminated from his employment by Defendants by Store Manager Brandon McDonald and Assistant Manager Kenyona Chatman.

10.      The purported reason for the termination was Plaintiff's alleged failure to properly prepare and inventory replenishment report and leaving his shift one hour early.

11.      The reasons for Plaintiff's termination, which was given to him without any prior verbal or written warnings were as follows:

a.      Not following the IRP stock replenishment report procedure and other department tasks   incorrectly without any previous warnings that they were incorrect on two different occasions all-occurring in the previous 2 weeks.   Plaintiff had been doing these reports for over 5 years and was never told by any manager that he was doing them incorrectly. In fact, Plaintiff was entrusted to train every person in the department as the properly preparing the reports and other job functions.

b.      Not billing out the inventory loss to the store. However, that job was the responsibility of the assistant store manager (ASM) who was to verify the missing items and/or find them and make the appropriate corrections to the inventory. Sal Frisina was the ASM assigned to that task those days and he and Plaintiff both walked the store to find the missing inventory merchandise which it turned out was moved to a display in another area of the store the day before Plaintiff's termination, which was his day off.

c.      Allegedly leaving his shift early without permission.

12.      The violations of rules stated for Plaintiff's termination were followed by Plaintiff correctly. He answered the report questions honestly that he could not find the

3

required items to replenish the shelves because they were improperly stocked by the night crew in the wrong aisles or moved to another location in the store. The report procedure was to note a Yes, he found and replenished the shelf or No, he did find the items and did not replenish the shelf and attempted to look for them. That is all that was required for the report. Plaintiff stated that the items were not brought down to the shelves. The items were later found by the follow up search by an assistant store manager and put onto the shelf. The actions taken by the management were exaggerated to say Plaintiff didn't follow procedure, which Plaintiff did correctly according to the procedure was taught by management and had been performing for over 5 years.

13.     Plaintiff did in fact prepare a proper inventory replenishment report.

14.     Plaintiff did leave his shift one hour early after receiving permission.  Plaintiff went to Baylen Hanato the ASM on duty that morning and asked him to approve his overtime because he was going over the 40 hours for that week. He said he could not authorize the overtime and that I should cut my hours and go home 1 hour early that day. Again, no one from management afterwards said anything to Plaintiff that he did anything wrong nor was any report filed for that occurrence.  Plaintiff's time sheets for those weeks will also show he had close to 40 hours clocked and would have gone into overtime if the ASM didn't approve my reduction in hours.

15.     At the time of his termination, Plaintiff was on a final notice for an incident that they claimed occurred, 9 months prior, of being accused, without any proof, of damaging two refrigerators with a motorized lift and not reporting it to a supervisor. The store security camera showed the incident never occurred. Plaintiff never hit the refrigerators which another employee the next day claimed he hit the refrigerators, but the store

4

manager refused to take my word over the other employee who claimed Plaintiff did it without any other verification. This employee never said anything to Plaintiff at the time of the supposed incident nor did he report it to a supervisor at the time Lowes never supplied any incident report of the accident. ASM Ken Lindgren was present when Plaintiff was put on final notice by Howard Kohler, the store manager and defended Plaintiff at that meeting stating, that knowing Plaintiff, he would have reported any damage he had caused if he had knowingly done it.

16.      At the time of warning, Plaintiff wrote the fact that he denied having that accident in the comments section on the sheet he signed for that write up. The store manager refused to give Plaintiff a copy of the report at the time and threatened Plaintiff with termination on the spot if he did not sign it. The report filed with Lowes was subsequently altered with Plaintiff's comments were erased from the report

17.      Plaintiff's date of birth is June 16, 1952. He was 63 years old at the time of his termination.

18.      Plaintiff had previously applied for the manager's position in 2015 and was told by Katrina Denning, the HR manager at the time, that even though he was the most qualified person for the position and he was already doing most of the managerial functions, the store manager, Howard Kohler, was going in another direction. Plaintiff asked Ms. Denning jokingly if it had anything to do with the fact that he was old, and she said she was not allowed to answer that question by law, but that it was Lowes policy to have someone interested in a longer career path with Lowes. The person hired for that position was Greg Bergman who was in his 30's

19.     At the time of his termination, Defendants had exhibited a pattern of denying promotions to older workers and summarily terminating older workers without just cause. Prior to Plaintiff's termination, Defendant fired other older employees, replacing them with younger ones. Among the employees terminated were Thomas DeBernardo (age 60) Plumbing Sales Specialist, Sal Valenza (age 65)– Sales Specialist Appliance and an employee know to Plaintiff as "Bob" (age 62 ) who worked in Millwork.

20.    Prior to Plaintiff's termination, Howard Kohler was replaced a store manager, by Brandon McDonald who continued the purge of older workers. Each of the older sales specialists had been called in for a meeting and were written up for bogus reasons so that Lowes could have on the record reasons for terminating them.

21. Based upon the prior statements of Katrina Denning, the threat by Howard Kohler to terminate Plaintiff's employment if he did not sign the final warning notice, and the subsequent terminations of Plaintiff and other older workers, it was clear that Defendant had a deliberate plan and intent to terminate Plaintiff and other older employees and to "hire those people who are interested in long term careers with Lowes."

22. The purported reasons for Plaintiff's termination, which have been refuted herein, were false. It is apparent from the prior statements of Katrina Denning and the subsequent other older workers, that age was clearly "but-for" factor in the decision by Defendant to terminate Plaintiff's employment.

23. Upon information and belief, Plaintff was replaced in his position by a younger employee under the age of 40.

6

24.      Due to his age, Plaintiff has been unlawfully discriminated against, humiliated,

degraded and belittled and as a result suffers loss of rights, emotional distress, loss of

income and earnings.

25.      The Defendants' actions were intentional and intended to harm Plaintiff.

26.      As a result of the actions and conduct complained of herein, Plaintiff has suffered

a loss of income, the loss of a salary, bonus, benefits, and other compensation which such

employment entails, and Plaintiff has also suffered future pecuniary losses, emotional

pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary   losses.

Plaintiff has further experienced severe emotional distress.

27.       As a result of the above, Plaintiff has been damaged in an amount which

exceeds the jurisdictional limits of the Court.

28.      Defendants' conduct has been malicious, willful, outrageous, and conducted

with full knowledge of the law.


<u>Count One</u>

(Age Discrimination in Violation of the Age

Discrimination in Employment Act (ADEA)29 USC 621)

29.   The foregoing paragraphs are realleged and incorporated by reference herein.

30.   Defendant was an "employer" as defined by §11(b) of the Age Discrimination in

Employment Act, as amended [29 U.S.C. §630(b)].

31.   The subjection of plaintiff to disparate treatment and adverse employment actions

by defendants in whole or substantial part because of his age was in violation of the

ADEA, 29 U.S.C. §623(1).

7

32.     Defendant's conduct as alleged at length herein constitutes discrimination based on age   in violation of Discrimination in Employment Act (ADEA) The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

33.     Plaintiff was over 40 years old and qualified for his position when he was terminated.

34.     Plaintiff performed his job satisfactorily at all times while employed by Defendant.

35.     Defendant terminated Plaintiff because of Plaintiff's age.

36.     Plaintiff exhausted his administrative remedies.

37.     Defendant's violation of the  ADEA  was  willful  and  plaintiff  seeks liquidated damages for each violation.

38.     As a result of Defendants' actions, Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of defendants' violation of his civil rights as alleged herein.   Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by the ADEA, 29 U.S.C. §216(b) including   actual damages, compensatory  damages, liquidated   damages,  and attorneys' fees.


## Count Two

### Discrimination Under State Law


39.     The foregoing paragraphs are realleged and incorporated by reference herein.

40.    Executive Law§ 296 provides that "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

41.    The subjection of plaintiff to disparate treatment and adverse employment actions by defendants in whole or substantial part because of his age was in violation of Executive Law§ 296.

42.    As a result of Defendant's conduct, Plaintiff has been made to suffer loss of his employment, income, benefits, and job security, as the direct and proximate result of the violation of his civil rights under Executive Law§ 296.   Plaintiff has also been made to suffer mental anguish, pain and suffering, embarrassment and humiliation as the direct and proximate result of the violation of his civil rights as alleged herein.   Further, Plaintiff is reasonably certain to suffer these damages in the future.   Plaintiff seeks all applicable rights and remedies provided by New York State law, including, but not limited to, recovery of actual damages, compensatory damages, , punitive damages, interest, costs, disbursements and her attorneys' fees.

9

Prayer for Relief

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by The Age Discrimination in Employment Act (ADEA)29 USC 621) and the New York State Executive Law §296 et. seq. in that Defendants   discriminated against Plaintiff on the basis of his age;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful age discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

10

<u>Demand for Jury Trial</u>

. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: Nesconset, New York

      December 13, 2018

                 Respectfully Submitted

              ALAN H. KRYSTAL, P.C.

              By:_/s/_____

              Alan H. Krystal, Esq.  (AK-0925).

Attorney for Defendants

195 Smithtown Boulevard-Suite 101

Nesconset, New York 11767

(631) 780-6555

alan@alankrystallaw.com

11

VERIFICATION

State of New York, County of Suffolk ss.:


IRA EPSTEIN, being duly sworn, deposes and says: I am the    Plaintiff in this proceeding. I have
read the Second Amended Complaint know the contents to be true from my own knowledge,
except as to those matters stated on information and belief, and as to those matters, I believe
them to be true

_____

IRA EPSTEIN


Sworn to before me this ⅓ day of December 2018


_____

Notary Public

```
ALAN H KRYSTAL
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KR4796858
Qualified in Suffolk County
Commission Expires September 10, 2019
```

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December 2018, I served the following:

SECOND AMENDED COMPLAINT

on the following attorney(ies) by filing via ECF:

Attorneys for Defendant:

HUNTON ANDREWS KURTH LLP

Joshua S. Paster

200 Park Avenue NewYork, NewYork   10166 jpaster@hunton.com

ALAN H. KRYSTAL, P.C.

By:  /s/
_____
Alan H. Krystal, Esq. (AK-0925).
Attorney for Defendants
195 Smithtown Boulevard- Suite 101
Nesconset, New York 11767
(631) 780-6555

alan@alankrystallaw.com

Case 2:18-cv-04970-DRH-GRB  Document 10  Filed 12/11/18  Page 14 of 14 PageID #: 105



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Alan H. Krystal, Esq.
Alan H. Krystal Attorney at Law
195 Smithtown Blvd., Suite 101
Nesconset, NY 11767


Re:    EEOC Charge No. 520-2016-03671
       Epstein v. Lowe's

Dear Mr. Krystal,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined the information and evidence you submitted supporting your allegations of discrimination based on age.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Investigator Paul Young at (212) 336-3783 or paul.young@eeoc.gov if you have any questions.

Sincerely,

_____ for

Kevin J. Berry
District Director

APR 02 2018
_____
Date

Cc:
Ira Epstein
205 Springmeadow Drive, Unit N
Holbrook, NY 11741